Theodore P. Witthoft (State Bar I.D. No. 021632)
**WITTHOFT DERKSEN, P.C.**
3550 North Central Avenue, Suite 1006
Phoenix, Arizona 85012
Telephone: (602) 680-7332
Facsimile: (602) 357-7476
Email: twitthoft@wdlawpc.com

Attorneys for 598558 Alberta Inc.

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| PETER SINODINOS and STAVROULA SINODINOS, fdba SINBAD'S PIZZA AND CHICKEN; fdba SPARTANS GREEK TAVERNA, | ) Case No. 4:15-bk-08501-SHG ) ) **OBJECTION TO DEBTORS' MOTION** ) **TO CONVERT CASE TO CHAPTER 13** ) |
| Debtors. | ) ) |

Secured creditor, 598558 Alberta, Inc. ("Alberta, Inc."), by and through its attorneys, Witthoft Derksen, P.C., hereby submits this objection ("Objection") to the motion ("Motion") to convert this case to Chapter 13 filed on August 3, 2015 at Docket No. 24 by Peter and Stravroula Sinodinos ("Debtors"). The Debtors have not acted in good faith in this bankruptcy case and converting this case to Chapter 13 is not in the best interests of the creditors of the estate. This Objection is supported by the accompanying Memorandum of Points and Authorities and the entire record before the Court, all of which are incorporated herein by this reference.

## MEMORANDUM OF POINTS AND AUTHORITIES

### BACKGROUND

1. The Debtors filed their voluntary bankruptcy petition under chapter 7 of the United States Bankruptcy Code on July 8, 2015 ("Petition Date").

2. The Debtors own certain real property located at 2003 West Pinkley Avenue, Coolidge, Arizona 85128 ("Real Property"). Upon information and belief, the Real Property is the Debtors' vacation home. Upon information and belief, the Debtors reside in and are citizens of Canada.

3. The Real Property is encumbered by a lien held by Alberta, Inc. in the principal amount of $68,775, based upon a guarantee in favor of Alberta, Inc. and a deed of trust securing that guarantee executed by the Debtors.

4. Prior to the Petition Date, Alberta, Inc. initiated an action in the Pinal County Superior Court to foreclose its interest in the Real Property ("State Court Action").

5. Upon information and belief, the Debtors filed this bankruptcy case solely for the purpose of staying the State Court Action.

6. The Debtors' original 341 meeting of creditors was scheduled for September 4, 2015 ("Original 341 Meeting"). Counsel for Alberta, Inc. appeared at the Original 341 Meeting to question the Debtors about, among other things, the Debtors' basis for claiming exemptions under Arizona law, including a $150,000 homestead exemption in the Real Property, and the Debtors' basis for the assertion that the Real Property is encumbered by another lien held by RBC Royal Bank ("RBC") in the amount of $21,500 listed in Debtors' bankruptcy schedules. However, the Debtors failed to appear at the Original 341 Meeting. That 341 Meeting of Creditors has now been continued to October 2, 2015 at 9:00 AM.

7. The Debtors filed their current Motion on August 7, 2015. A previous motion to convert to Chapter 13 has been denied by the Court on July 28, 2015 at Docket No. 23.

8. Upon information and belief, the Debtors reside in and are citizens of Canada, their previous businesses were operated in Canada, the Debtors paid income taxes in Canada, the Debtors are not registered to vote in Arizona, the Debtors do not have drivers licenses in Arizona, the Debtors only source of income is from social security from Canada, and the only

1  contact the Debtors have to Arizona is their ownership interest in Real Property, which is a
2  vacation home.
3     9.    Upon information and belief, and based upon a recent title report, the Debtors'
4  Real Property is not encumbered by a lien held by RBC.
5     10.   Chapter 7 debtors who proceed in "bad faith" and wish to convert their case to
6  Chapter 13 are not eligible to be a debtor under Chapter 13. *Marrama v. Citizens Bank of*
7  *Mass.*, --- U.S. ---, 127 S.Ct. 1105 (2007).
8     11.   In this case, the Debtors have falsely claimed to be domiciled in Arizona and they
9  have improperly claimed an Arizona exemption in the Real Property. The Debtors have falsely
10 claimed the Real Property is encumbered by a lien held by RBC. The Debtors have failed to
11 comply with their duties under the Bankruptcy Code to appear at the Original 341 Meeting.
12    12.   It appears that if Debtors' claimed exemption in the Real Property is denied, there
13 is nonexempt equity in the Real Property for the benefit of the bankruptcy estate above the lien
14 held by Alberta, Inc.
15    13.   Based upon the misrepresentations in the Debtors' schedules and falsely claimed
16 homestead exemption, it appears that this bankruptcy case, and the recent Motion to convert, is
17 being done in an effort to keep the Real Property from being liquidated in this Chapter 7
18 bankruptcy case. Obviously, such actions are not being done in "good faith", and this case
19 should not be converted to a Chapter 13.
20    14.   WHEREFORE, Alberta, Inc. respectfully requests the Court deny the Motion to
21 convert for the reasons set forth herein.
22    Respectfully submitted this 10th day of September, 2015.

**WITTHOFT DERKSEN, P.C.**

By: /s/ Theodore P. Witthoft          #021632
    Theodore P. Witthoft
    Attorneys for 958558 Alberta Inc.

Copy of the foregoing mailed/*e-mailed
this 10th day of September, 2015, to:

U.S. Trustee
Office of the U.S. Trustee
230 N. First Avenue, Ste. 204
Phoenix, Arizona 85003

Gayle Eskay Mills
P.O. Box 36317
Tucson, Arizona 85740
Chapter 7 Trustee

*Adam E. Hauf, Esq.
Hauf Law, PLC
4225 W. Glendale Ave., Ste. A-104
Phoenix, Arizona 85051
[adam@hauflaw.com](mailto:adam@hauflaw.com)
Attorney for Debtors

Peter and Stavroula Sinodinos
2003 W. Pinkley Avenue
Coolidge, Arizona 85128
Debtors


/s/ Aimee Bourassa